By the Court.—Freedman, J.
There is substantially but one question involved in the appeal which deserves special notice, and that is whether the policy covered the injured property, laden, as it was, on the deck of the boat.
A general description does not, except under special circumstances, cover articles carried upon deck. The articles so stowed are thereby put out of the protection of the policy, unless their being carried in this way is provided for in the policy, or indicated by the description of the article itself in the policy, or justified by *179 the usage of the specified trade (Phillips on Ins. 5 ed. § 460).
Where the article specified in the policy is uniformly so carried, or obviously must from its character be so, for its own safety1 or that of the ship, cargo and crew, the policy will attach to it, so carried, by the merely naming of it and describing the voyage (75.).
But whether the policy attaches to an article on deck that is merely named, without any express intimation in the policy that it is to be. so carried, where articles of the same kind are not necessarily or uniformly so stowed, but sometimes go on deck, and sometimes under, according to the quantity' and kind of cargo, is a question on which, as Mr. Phillips puts it, the jurisprudence is wavering and inconsistent.
The policy in question was a general policy, insuring the persons whose names were indorsed or entered in a book kept for the- purpose. It purported to be an open and uniform canal cargo policy, and remained in the possession of the defendant, until produced by it at the trial, upon the call of the plaintiffs. It was bound up in book form, with ruled leaves of paper following, upon which to make a note of statements of risks. It provided that the company should not be liable for damage to goods or property on deck, unless by special agreement in writing indorsed on the policy. But it also provided that it should be lawful for the boats insured or carrying insured goods or property, to load in such a manner as is usual and customary for vessels employed in such navigation to be laden ; without reference to any provisions on the same subject by marine law or custom applicable to vessels laden for sea-voyages ; and that the company would make good and satisfy unto the said insured, all such loss or damage on the said goods, wares, merchandise and country produce, so laden as aforesaid, &c., &c.
*180 The risk in question was entered in the following words :

The certificate issued to the plaintiffs ran as follows :
“$9,000. No. 335.
CANAL CARGO CERTIFICATE. Incorporated 1837. THE ST. LOUIS INSURANCE COMPANY, OF ST. LOUIS, MO.
Cash assets over $350,000.
“This certifies that Allen Brothers insured under and subject to the conditions of open Policy No. 387, issued by. the St. Louis Insurance Company of St. Louis, in the sum of nine thousand dollars, inboard cargo of boat W. S. Alden.
“ On paper $9,000, at and from Troy, N. Y., to Philadelphia.
“$ at and from to
“Loss, if any, payable to themselves or order on return of this certificate.
“ J. B. S. LEMOINS, President.
“ JAMES D. HOUSEMAN, Secretary.
“This certificate of insurance is not valid unless countersigned by the authorized agent of the company at Troy, N. Y.
“NEHER & CALDER, Agent. '
“Troy, N. Y., October 12, 1876.
9,000-^46—36.00.”
*181 . This certificate and the policy are to be construed together and against the defendant. “Inboard” is used in contrast to “outboard.” It does not necessarily mean under deck, but seems to mean a cargo not projecting over the rail of the vessel. No evidence explanatory of its meaning was given or offered at the trial. Under all the circumstances it is therefore but fáir to hold, and especially as the policy was general and permitted any mode of lading usual in canal navigation, and expressly provided that the rules applicable to ordinary marine policies Should not apply, that if the defendant intended by the certificate to limit the insurance to the cargo under deck, it should have said so in clear terms.
The paper was taken on board the Alden at Troy. About sixty tons were on deck, stowed inside of the rail about six inches. It was protected by tarpaulins tied down on both sides, and according to the proof it” was carefully laden in the manner usual and customary for vessels employed in the navigation in which the Alden was engaged.
Upon the whole case the conclusion seems irresistible that the policy attached to the goods which were injured. But if any doubt could still exist, such doubt has been wholly removed by the further proof which was given, that the authorized "agents of the defendant at Troy were informed how the paper was laden and secured, and that there was a portion on deck ; that they were requested to come and look at it, and that they said they thought it was all'right. This being an approval of the mode of lading, in consequence of which the boat proceeded on her voyage, the defendant’s present claim that, by reason of the manner in which the paper was stowed, the policy did not attach' to the injured goods, is both unreasonable and untenable.
As to the question of plaintiff’s partnership it is *182 sufficient to say that the proof upon the point, uncontradicted as it stands, is sufficient.
The judgment and order should be affirmed, with costs.
Sedg-wiok, J., concurred.